UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
MAY 20 2009

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 94-40015 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER DENYING RULE 60(b) MOTION |
| DESMOND ROUSE, JESSE ROUSE, GARFIELD FEATHER, and RUSSELL HUBBELING, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is a motion filed by defendant Garfield Feather ("Feather") pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] (Doc. 589.)

In August of 1994, Feather and his co-defendants were convicted after a jury trial in this Court on charges of aggravated sexual abuse involving five young girls in their extended family aged 20 month to seven years in violation of 18 U.S.C. § 2241(c). On February 21, 1995, Feather was sentenced to 360 months custody. The convictions were affirmed on appeal. *United States v. Rouse*, 111 F.3d 561 (8th Cir. 1997), *reconsidering* 100 F.3d 560 (8th Cir. 1996). In 2005, the Eighth Circuit affirmed this Court's denial of the motion for a new trial filed by Feather and his co-defendants. *United States v. Rouse*, 410 F.3d 1005 (8th Cir. 2005). On July 3, 2006, the Eighth Circuit issued a Judgment denying as unnecessary Feather's application to file a second motion under 28 U.S.C. § 2255 because Feather had not filed an initial § 2255 motion. (Doc. 571.) The pending motion challenging his sentence, purportedly pursuant to Rules 60(b)(3) and 60(b)(4), was

---

[1] Feather cites to "F.R.C.P. 60(b)(3) and (6)." Based on the language in his 20 page motion, it is apparent that Feather is referring to the Federal Rules of Civil Procedure. Rule 60 of the Federal Rules of Criminal Procedure applies to victim's rights and has no bearing on Feather's motion.

filed by Feather on May 4, 2009. Rules 60(b)(3) and (6) provide that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ...(3) fraud,... misrepresentation, or misconduct by an opposing party; ... (6) any other reason that justifies relief." FED.R.CIV.P. 60(b)(3) and 60(b)(6).

Feather is in custody under a sentence of this Court and he is seeking release, arguing that his indictment and judgment are unlawful. His post-conviction remedy is found in 28 U.S.C. § 2255 and not Federal Rule of Civil Procedure 60(b). Rule 60(b) cannot provide the relief sought by Feather because it applies in civil cases, not in criminal cases. *See United States v. Eggleston*, 2002 WL 57265 (8th Cir. Jan. 16, 2002) (unpublished per curiam) (holding that Rule 60(b) applies only to civil cases); *United States v. O'Keefe*, 169 F.3d 281, 288 (5th Cir.1999) (same); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998) (same). It appears from the record in this case that the reason Feather characterizes his motion as one under Rule 60(b) rather than a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, is that a § 2255 would be barred the one-year statute of limitations for such motions.[2] *See* 28 U.S.C. § 2255(f).

If Feather's motion happened to be a timely-filed § 2255 motion, it would be denied on the merits. He asserts that this Court lacked jurisdiction because Title 18 of the United States Code was never legally enacted as law, and because the government failed to establish an interstate commerce nexus. An interstate commerce nexus is not a necessary element of Feather's offense under 18 U.S.C. § 2241(c). Even if it was, the Eighth Circuit has held that the interstate commerce element of a crime is "not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case." *United States v. Beck*, 250 F.3d

---

[2] The Court notes that the motion would be untimely even under Rule 60(b). Rule 60(c)(1) of the Federal Rules of Civil Procedure provides, "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c)(1). The instant motion was filed almost 12 years after the Eighth Circuit affirmed Feather's conviction, and almost 4 years after the Eighth Circuit affirmed this Court's denial of his motion for new trial. The motion was not filed within one year, nor within a "reasonable" time.

1163, 1165-66 (8th Cir. 2001) (quoting *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998)). "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231.... That's the beginning and the end of the 'jurisdictional' inquiry." *United States v. Pemberton*, 405 F.3d 656, 659 (8th Cir. 2005) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Because Feather was charged with violating a federal statute, this case lies squarely within the original federal court jurisdiction conferred under 18 U.S.C. § 3231.

The Court also rejects Feather's argument that this Court lacks jurisdiction because Title 18 of the United States Code was never legally enacted as law back in 1948. Feather contends that Title 18 was signed into law after the 80th Congress was adjourned, which he claims is unlawful. This claim has been raised numerous times by other federal inmates and firmly rejected by the federal courts addressing it. *See, e.g., Cardenas-Celestino v. United States*, 552 F.Supp.2d 962 (W.D.Mo. 2008) (citing numerous other federal court cases rejecting this same challenge). The Court is persuaded by the reasoning of the Missouri District Court in *Cardenas-Celestino*, and the cases cited in that opinion, finding that Title 18 was lawfully enacted by Congress in 1948. *See also, United States v. Cuevas-Arredondo*, 2008 WL 80127, at *6-7 (D.Neb. 2008) (unpublished). Accordingly,

IT IS ORDERED that the Motion filed by Garfield Feather, doc. 589, is denied.

Dated this 20th day of May, 2009.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY

3