UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
JUL 06 2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 94-40015-4 |
| | \* | CIV 95-1558 |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER |
| | \* | |
| GARFIELD FEATHER, | \* | |
| | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Garfield Feather filed a motion with the Court requesting DNA testing pursuant to 18 U.S.C. § 3600. The Government filed an answer to the motion and a brief in support of the answer. For the reasons discussed below, the motion will be denied.

## BACKGROUND

On March 24, 1994, a 24-count indictment was filed in the United States District Court for the District of South Dakota, charging Jesse Rouse, Desmond Rouse, Garfield Feather, Russell Hubbeling, and Duane Rouse with 23 counts of aggravated sexual abuse involving five young girls in their extended family, aged 20 months to seven years, in violation of 18 U.S.C. § 2241(c) and one count of assault with a dangerous weapon in violation of 18 U.S.C. § 113(c). On August 12, 1994, the jury returned its verdicts. Feather was found guilty of four counts, Desmond Rouse was found guilty of four counts, Jesse Rouse was found guilty of two counts, and Russell Hubbeling was found guilty of two counts. Duane Rouse was found not guilty of all charges. This Court subsequently imposed sentences of 360 months for Feather, 396 months for Jesse Rouse, 360 months for Russell Hubbeling, and 384 months for Desmond Rouse.

After the Court imposed the sentence, Feather and his co-defendants appealed. A divided Eighth Circuit panel initially reversed the defendants' convictions, *United States v. Rouse*, 100 F.3d 560 (8th Cir. 1996), but after the entire Eighth Circuit granted *en banc* review and vacated the panel opinion, *United States v. Rouse*, 107 F.3d 557 (8th Cir. 1997), the panel, on rehearing, issued a new opinion affirming the convictions and *en banc* review was dismissed. *United States v. Rouse*, 111 F.3d 561 (8th Cir.), *cert. denied*, 522 U.S. 905 (1997).

A motion for new trial based on alleged recantations by the victims was subsequently filed by Feather and his co-defendants. Following a lengthy evidentiary hearing, the Court denied the motion for new trial in a Memorandum Opinion and Order filed February 10, 2004. *United States v. Rouse*, 329 F. Supp. 2d 1077 (D.S.D. 2004). That decision was affirmed by the Eighth Circuit Court of Appeals in *United States v. Rouse*, 410 F.3d 1005 (8th Cir. 2005).

Feather filed the present motion on November 19, 2009. Feather argues that he meets the prerequisites established in 18 U.S.C.§ 3600(a) and is accordingly entitled to post-conviction DNA testing. The Government responded on January 11, 2010, contending that Feather fails to meet the requirements set forth in 18 U.S.C. § 3600 and that his motion should be denied.

The facts are fully set forth in the opinions issued by the Eighth Circuit, and they will not be repeated here except as necessary to resolve this motion.

## DISCUSSION

Section 3600 provides that "[u]pon written motion by an individual under a sentence of imprisonment or death pursuant to a conviction for a Federal offense (referred to in this section as the "applicant"), the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that all" of the ten factors enumerated in the statute apply. 18

U.S.C. § 3600(a).[1] Without delving into the intricacies of each requirement, it is clear that Feather does not meet all ten.

---

[1] 18 U.S.C. § 3600(a) states in relevant part:
  (1) The applicant asserts, under penalty of perjury, that the applicant is actually innocent of–
    (A) the Federal offense for which the applicant is under a sentence of imprisonment or death; . . .
  (2) The specific evidence to be tested was secured in relation to the investigation or prosecution of the Federal or State offense referenced in the applicant's assertion under paragraph (1).
  (3) The specific evidence to be tested–
    (A) was not previously subject to DNA testing and the applicant did not–
      (i) knowingly and voluntarily waive the right to request DNA testing of that evidence in a court proceeding after the date of enactment of the Innocence Protection Act of 2004; or
      (ii) knowingly fail to request DNA testing of that evidence in a prior motion for postconviction DNA testing; or
    (B) was previously subjected to DNA testing and the applicant is requesting DNA testing using a new method or technology that is substantially more probative than the prior DNA testing.
  (4) The specific evidence to be tested is in the possession of the Government and has been subject to a chain of custody and retained under conditions sufficient to ensure that such evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing.
  (5) The proposed DNA testing is reasonable in scope, uses scientifically sounds methods, and is consistent with accepted forensic practices.
  (6) The applicant identifies a theory of defense that–
    (A) is not inconsistent with an affirmative defense presented at trial; and
    (B) would establish the actual innocence of the applicant of the Federal or State offense referenced in the applicant's assertion under paragraph (1).
  (7) If the applicant was convicted following a trial, the identity of the perpetrator was at issue in the trial.
  (8) The proposed DNA testing of the specific evidence may produce new material evidence that would–
    (A) support the theory of defense referenced in paragraph (6); and
    (B) raise a reasonable probability that the applicant did not commit the offense.
  (9) The applicant certifies that the applicant will provide a DNA sample for purposes of comparison.
  (10) The motion is made in a timely fashion . . . .

The applicant must show that "the specific evidence to be tested was secured in relation to the investigation or prosecution of the Federal or State offense" which the applicant is contesting. § 3600(a)(2). This was a sexual abuse case involving minor victims who disclosed the abuse only after they were removed from the grandmother's residence. Medical examinations were performed on the children and physical injuries consistent with child sexual abuse were noted. Feather fails to identify tangible objects or items that could be subject to DNA testing, instead merely restating the statute in his motion. Consequently, Feather does not show that any evidence was secured in relation to the investigation or prosecution of the offense for which he was convicted.

Moreover, because Feather has not identified what items he wants tested, he fails to show whether or not the evidence was previously tested as required by § 3600(a)(3) or that it is in the possession of the Government and has been properly secured as required by § 3600(a)(4). Feather is also unable to show that the alleged evidence is "reasonable in scope" as required by §3600(a)(5).

Furthermore, 18 U.S.C. §§ 3600(a)(6) and (8) require Feather to identify a theory of defense that would establish his "actual innocence," and show that the proposed DNA testing may reveal new material evidence consistent with this defense and raise "a reasonable probability that the applicant did not commit the offense." 18 U.S.C. §§ 3600(a)(6), (8). Feather has not identified either a defense theory or any evidence that should be examined which would raise a probability that he did not commit the offense. His conviction is well-supported by the evidence presented at trial. *See United States v. Rouse*, 329 F.Supp.2d 1077 (D.S.D. 2004) (finding victims' recantations not credible in light of the physical evidence that corroborated victims' trial testimony that they were sexually abused); *United States v. Rouse,* 410 F.3d 1005, 1009 (8th Cir. 2005) (affirming denial of motion for new trial and noting the defendants' "failure to refute the powerful medical evidence of abuse at trial. . . .")

Feather also fails to meet the timeliness requirements set out in § 3600(a)(10).[2] The statute contains a rebuttable presumption against timeliness if the motion is made more than 36 months after conviction or 60 months after enactment of the Justice For All Act of 2004. Feather and his co-defendants were convicted in 1994, so his motion comes long past the 36 month limitation. The Justice For All Act of 2004, Public Law 108-405, was enacted on October 20, 2004. Feather's motion was signed on November 10, 2009, and filed on November 19, 2009. This is beyond the 60 month period and Feather has not cited any justifications listed in subsection § 3600(a)(10)(B) to overcome the presumption against timeliness.

For all of these reasons, the Court determines that Feather has failed to meet the threshold requirements necessary for this Court to issue an order authorizing post-conviction DNA testing. Accordingly,

IT IS ORDERED:

(1) that the defendant's motion for DNA testing pursuant to 18 U.S.C. § 3600 is denied.

---

[2](10) The motion is made in a timely fashion, subject to the following conditions:
(A) There shall be a rebuttable presumption of timeliness if the motion is made within 60 months of enactment of the Justice For All Act of 2004 or within 36 months of conviction, whichever comes later. Such presumption may be rebutted upon a showing–
    (i) that the applicant's motion for a DNA test is based solely upon information used in a previously denied motion; or
    (ii) of clear and convincing evidence that the applicant's filing is done solely to cause delay or harass.
(B) There shall be a rebuttable presumption against timeliness for any motion not satisfying subparagraph (A) above. Such presumption may be rebutted upon the court's finding–
    (i) that the applicant was or is incompetent and such incompetence substantially contributed to the delay in the applicant's motion for a DNA test;
    (ii) the evidence to be tested is newly discovered DNA evidence;
    (iii) that the applicant's motion is not based solely upon the applicant's own assertion of innocence and, after considering all relevant facts and circumstances surrounding the motion, a denial would result in a manifest injustice; or
    (iv) upon good cause shown.

Dated this 6th day of July, 2010.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Summer Wahpoo*
(SEAL)            DEPUTY